UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

MC 12-340

In re the Seizure of:

AFFIDAVIT IN SUPPORT
OF SEIZURE WARRANT

Case No:

ANY AND ALL FUNDS ON DEPOSIT IN
CATHAY BANK, ACCOUNT NUMBER 51501013
LOCATED IN FLUSHING, NEW YORK
HELD IN THE NAME OF MIDLAND MEAT
TRADING, INC., UP TO AND INCLUDING
SIX HUNDRED FIFTY-FIVE THOUSAND FIVE
HUNDRED DOLLARS AND NO CENTS ($655,500.00),
AND ALL PROCEEDS TRACEABLE THERETO, AND

ANY AND ALL FUNDS ON DEPOSIT IN
CATHAY BANK, ACCOUNT NUMBER 51866176
LOCATED IN FLUSHING, NEW YORK,
HELD IN THE NAME OF DC MEAT MARKET,
INC., UP TO AND INCLUDING FIVE HUNDRED
NINETY-NINE THOUSAND FIVE HUNDRED FORTY
EIGHT DOLLARS AND NO CENTS ($599,548.00),
AND ALL PROCEEDS TRACEABLE THERETO.

- - - - - - - - - - - - - - - - - - - -x

EASTERN DISTRICT OF NEW YORK, SS:

  GREGORY J. LOPEZ, being duly sworn, deposes and states as follows:

  1.  I am a Detective with the Suffolk County Police Department ("SCPD") assigned to the Suffolk Treasury Enhanced Prosecution Program Task Force ("STEPP") at the Internal Revenue Service, Criminal Investigation Division ("IRS-CID") in the New York Field Office.

  2.  I began my law enforcement career as a Police

1

Officer with the SCPD in March 1993. Since my assignment to STEPP, I have participated in the investigation of violations of the Bank Secrecy Act (codified in Title 31, United States Code), the Money Laundering Control Act (Codified in Title 18, United States Code) and related offenses.

3.   This affidavit is made in support of an application for seizure warrants for any and all funds on deposit in (a) Cathay Bank, account number 51501013 held in the name of Midland Meat Trading, Inc., (the "Midland Account") up to and including the sum of $655,500.00, and all proceeds traceable thereto, and (b) any and all funds on deposit in Cathay Bank, account number 51866176 held in the name of DC Meat Market, Inc. (the "DC Account") up to and including the sum of $599,548.00 and all proceeds traceable thereto (collectively, the "Subject Accounts").

4.   The facts and information in this affidavit are based upon my personal knowledge and the observations of other law enforcement personnel involved in this investigation and the review of bank records.

5.   Because this affidavit is submitted solely for the purpose of obtaining a warrant to seize certain funds

in the Subject Accounts, it is not intended to include each and every fact and matter observed by me or known to the government.

## STATUTORY AND REGULATORY FRAMEWORK

6. Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including banks and money service businesses, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000.00, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution. CTRs are filed with the Financial Crimes Enforcement Network ("FinCEN") at the Detroit Data Center on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed. These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person and they result in currency either received or disbursed by the financial institution totaling more than $10,000.00 during

any single business day.

7. Based on my training and experience, many individuals involved in illegal activities, such as narcotics trafficking, tax evasion and money laundering, are aware of the reporting requirements and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of large amounts of cash. These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts less than $10,000.01 on the same day or consecutive days in order to avoid the filing of CTR's. Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

8. Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to (1) "cause or attempt to cause a domestic financial institution to fail to file a report required under § 5313(a), (2) "cause or attempt to cause a domestic financial institution to file a report required under § 5313(a) that contains a material omission or misstatement of fact," or (3) "structure or assist in structuring, any transaction with one or more domestic financial institutions" for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

9. Further, 31 U.S.C. § 5317 provides for the forfeiture of any property involved in a violation of 31

U.S.C. § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

10. In any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense, as any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## INVESTIGATORY BACKGROUND

11. Midland Meat Trading Inc. is a wholesale meat distributor located at 338 Johnson Ave., Brooklyn, NY 11206. According to a review of the public records and bank records for the Subject Accounts, Zhao Jia Sa President), and Patrick Sha are the officers of Midland Meat Trading, Inc. and are the signatories on the Midland Account. DC Meat Market, Inc. is a retail meat market located at 36 East Broadway. New York, NY 10002 and according to the bank and public records Zhao Ming Sa (Secretary), Patrick Sha (Corporate Secretary) and Siu Wo Sha (President), are the officers and signatories on the DC Account.

12. Based on the government's investigation as

detailed below, the Subject Account's have been involved in structuring activity aggregating to approximately $1,255,048.00 during the period from in or about September 2011 through in or about February 2012. The amount of cash structured into the Subject Accounts within approximately the past year, beginning on or about September 1, 2011 through on or about February 28, 2012 totals approximately $1,255,048.00.

    13.  By way of background, Midland Meat Trading, Inc. also maintains business checking account number 064044386 at HSBC Bank (the "HSBC Account"). During the period from in or about July 2010 through November 2010, the HSBC account was involved in structuring activity aggregating to approximately $544,906.00. Based on a review of the HSBC Account records, it was determined that during this period there were seventy-seven (77) structured cash deposits into the HSBC Account, most of which were in amounts ranging from $7,500.00 to $9,000.00.

    14.  On or about October 12, 2010, a representative from HSBC Bank contacted Zhao Jia Sa (President) of Midland Meat Trading, Inc. regarding the cash deposit activity in the HSBC Account. At that time, Zhao Jia Sa gave permission to the bank representative to speak to his wife, Yin Y Sa regarding the activity in the account. During the

course of this conversation, Yin Y Sa advised the representative from HSBC Bank, that they own a wholesale and retail meat business and that some of their customers pay in cash which could be as much as $8,000.00 per day. Also during the course of this conversation, Yin Y Sa was advised by the representative of the HSBC Bank policy regarding the handling of cash deposits as it relates to the Bank Secrecy Act. Although the aforementioned account is not the subject of this seizure warrant, it provides a basis for establishing that the principles of Midland Meat Trading, Inc. and DC Meat Market, Inc. were aware of the CTR filing requirements when they subsequently structured cash deposits into the Subject Accounts.

## STRUCTURING ACTIVITY

15. Based on a review of the bank records that were obtained during the course of this investigation, law enforcement has determined that from on or about September 1, 2011 through on or about February 28, 2012 there were one hundred seventy-five (175) structured currency deposits totaling $1,255,048.00 into the Subject Accounts in Flushing, New York, and elsewhere. As reflected below, many of the deposits were made on the same day or on consecutive business days at multiple branches of Cathay

Bank and were in amounts of less than $10,000.01, an amount that would have triggered the filing of a CTR. The amount and frequency of these structured deposits to multiple accounts at numerous branch locations, held in various business names which share common officers and signatories, is indicative of their intent to avoid the currency transaction reporting requirements.

16. During this period, most of the deposits were in an amount of less than $10,000.01, however, there were a number of instances where deposits were made on the same business day and their total exceeded $10,000.00. Those deposits which were made on the same business day and triggered the filing of "multiple transaction" CTRs by Cathay Bank and are highlighted below in **bold**. [1]

17. The chart below sets forth the dates and amounts of the structured cash deposits into the Subject Accounts during the period from on or about September 1, 2011, through on or about February 28, 2012 and identifies one hundred seventy-five (175) structured cash deposits totaling $1,255,048.00.

---

[1] A "multiple transaction" CTR is typically filed by a financial institution without the customer's knowledge when the customer conducts more than one cash deposit or withdrawal transaction on the same day and the aggregate of such deposits or withdrawal exceeds the amount of $10,000.00.

8

| Date | Midland Account #51501013 | DC Account #51866176 |
| --- | --- | --- |
| 09/01/2011 | $9,500.00 | |
| 09/06/2011 | $8,100.00 | |
| 09/07/2011 | | $6,119.00 |
| 09/08/2011 | $6,650.00 | |
| 09/12/2011 | $8,525.00<br>$6,000.00 | $6,550.00<br>$8,364.00<br>$2,815.00 |
| 09/15/2011 | $2,000.00 | $7,897.00 |
| 09/16/2011 | $8,860.00 | |
| 09/19/2011 | $8,000.00<br>$8,240.00 | $8,629.00<br>$9,455.00<br>$9,725.00 |
| 09/21/2011 | $9,510.00 | $8,507.00 |
| 09/22/2011 | $2,500.00 | $7,347.00 |
| 09/23/2011 | | $9,102.00 |
| 09/26/2011 | $9,070.00<br>$8,875.00 | $9,189.00<br>$8,465.00<br>$8,390.00 |
| 09/28/2011 | | $7,950.00 |
| 09/29/2011 | | $7,220.00 |
| 09/30/2011 | $4,300.00 | $8,340.00 |
| 10/03/2011 | | $7,505.00<br>$7,765.00 |
| 10/06/2011 | $5,350.00 | $5,650.00 |
| 10/11/2011 | $9,000.00 | $7,840.00<br>$9,127.00 |
| 10/13/2011 | | $8,785.00 |
| 10/14/2011 | $8,000.00 | $8,105.00 |
| 10/17/2011 | $5,480.00 | $4,040.00 |
| 10/19/2011 | | $6,055.00 |
| 10/20/2011 | $4,400.00 | $6,525.00 |
| 10/21/2011 | | $5,357.00 |
| 10/24/2011 | $8,500.00<br>$7,145.00 | $7,145.00 |
| 10/25/2011 | | $6,680.00 |
| 10/26/2011 | $6,387.00 | |
| 10/27/2011 | $7,815.00<br>$6,050.00<br>$2,000.00 | |
| 10/28/2011 | $6,700.00 | $7,840.00 |
| 10/31/2011 | $8,015.00<br>$9,250.00 | $8,800.00<br>$4,350.00 |
| 11/01/2011 | $7,490.00 | $7,350.00 |

| Date | Amount 1 | Amount 2 |
|---|---|---|
| 11/02/2011 | $5,514.00 | |
| 11/03/2011 | $7,300.00 | $4,530.00 |
| 11/07/2011 | $8,550.00 | $3,790.00 |
| 11/08/2011 | $7,828.00 | |
| 11/14/2011 | $8,195.00<br>$8,850.00 | $8,079.00<br>$3,640.00 |
| 11/15/2011 | | $6,490.00 |
| 11/17/2011 | $8,000.00<br>$6,121.00 | |
| 11/21/2011 | $9,405.00<br>$8,570.00 | $8,250.00<br>$4,260.00 |
| 11/22/2011 | | $7,265.00 |
| 11/23/2011 | $5,500.00 | $8,807.00 |
| 11/28/2011 | $8,000.00<br>$3,962.00<br>$8,450.00<br>$3,962.00 | $9,345.00 |
| 11/29/2011 | $5,945.00 | $5,470.00 |
| 12/01/2011 | | $9,545.00 |
| 12/05/2011 | $8,000.00<br>$6,413.00 | $8,695.00 |
| 12/06/2011 | $5,520.00 | $7,280.00 |
| 12/08/2011 | $8,000.00 | $6,530.00 |
| 12/12/2011 | $4,000.00<br>$6,827.00 | $2,710.00 |
| 12/13/2011 | $6,590.00 | $8,030.00 |
| 12/14/2011 | | $7,280.00 |
| 12/15/2011 | $8,593.00 | |
| 12/19/2011 | $5,186.00<br>$8,545.00 | $3,010.00<br>$3,165.00 |
| 12/20/2011 | $8,595.00 | $8,000.00 |
| 12/21/2011 | $8,375.00 | $6,330.00 |
| 12/22/2011 | $7,000.00<br>$2,000.00<br>$6,422.00 | |
| 12/23/2011 | $6,647.00 | |
| 12/27/2011 | $8,380.00<br>$6,310.00<br>$8,600.00 | $3,725.00 |
| 12/28/2011 | | $7,240.00 |
| 12/29/2011 | | $9,460.00 |
| 12/30/2011 | $6,095.00 | |
| 01/03/2012 | $6,060.00 | $7,953.00 |
| 01/05/2012 | $7,781.00 | |
| 01/06/2012 | $5,540.00 | |

| Date | | |
|---|---|---|
| | $9,000.00 | |
| 01/09/2012 | $8,605.00<br>$4,832.00 | $8,735.00 |
| 01/10/2012 | $5,153.00 | |
| 01/12/2012 | | $7,746.00 |
| 01/13/2012 | $8,700.00 | $8,570.00 |
| 01/17/2012 | $8,649.00 | $9,505.00<br>$8,725.00 |
| 01/19/2012 | $7,250.00 | $5,520.00 |
| 01/20/2012 | | $6,942.00 |
| 01/23/2012 | $8,965.00 | $5,740.00 |
| 01/26/2012 | $6,895.00 | $9,385.00 |
| 01/30/2012 | $7,635.00<br>$8,390.00 | $7,695.00 |
| 01/31/2012 | $8,821.00 | |
| 02/02/2012 | $6,200.00<br>$6.500.00 | $8,695.00 |
| 02/03/2012 | $8,210.00 | |
| 02/06/2012 | $8,960.00 | $9,097.00<br>$5,430.00 |
| 02/07/2012 | $6,930.00 | |
| 02/09/2012 | $7,000.00 | $6,961.00 |
| 02/10/2012 | | $7,420.00 |
| 02/13/2012 | $7,457.00<br>$9,700.00 | $9,565.00 |
| 02/14/2012 | | $7,040.00 |
| 02/17/2012 | $9,000.00 | $6,020.00 |
| 02/22/2012 | | $9,180.00 |
| 02/23/2012 | $6,150.00 | $5,970.00 |
| 02/24/2012 | | $7,575.00 |
| 02/27/2012 | $6,485.00<br>$8,670.00 | $8,170.00<br>$8,000.00 |
| | | |
| TOTALS: | $655,500.00 | $599,548.00 |

18. Based on my training and experience, the pattern of same day and consecutive day cash deposits utilizing multiple branches of the same bank, over multiple business

| Date | | |
|---|---|---|
| | $9,000.00 | |
| 01/09/2012 | $8,605.00<br>$4,832.00 | $8,735.00 |
| 01/10/2012 | $5,153.00 | |
| 01/12/2012 | | $7,746.00 |
| 01/13/2012 | $8,700.00 | $8,570.00 |
| 01/17/2012 | $8,649.00 | $9,505.00<br>$8,725.00 |
| 01/19/2012 | $7,250.00 | $5,520.00 |
| 01/20/2012 | | $6,942.00 |
| 01/23/2012 | $8,965.00 | $5,740.00 |
| 01/26/2012 | $6,895.00 | $9,385.00 |
| 01/30/2012 | $7,635.00<br>$8,390.00 | $7,695.00 |
| 01/31/2012 | $8,821.00 | |
| 02/02/2012 | $6,200.00<br>$6.500.00 | $8,695.00 |
| 02/03/2012 | $8,210.00 | |
| 02/06/2012 | $8,960.00 | $9,097.00<br>$5,430.00 |
| 02/07/2012 | $6,930.00 | |
| 02/09/2012 | $7,000.00 | $6,961.00 |
| 02/10/2012 | | $7,420.00 |
| 02/13/2012 | $7,457.00<br>$9,700.00 | $9,565.00 |
| 02/14/2012 | | $7,040.00 |
| 02/17/2012 | $9,000.00 | $6,020.00 |
| 02/22/2012 | | $9,180.00 |
| 02/23/2012 | $6,150.00 | $5,970.00 |
| 02/24/2012 | | $7,575.00 |
| 02/27/2012 | $6,485.00<br>$8,670.00 | $8,170.00<br>$8,000.00 |
| | | |
| TOTALS: | $655,500.00 | $599,548.00 |

18.  Based on my training and experience, the pattern of same day and consecutive day cash deposits utilizing multiple branches of the same bank, over multiple business

accounts, as reflected above, which are just below the threshold requiring the filing of a CTR, is consistent with structuring.

## CONCLUSION

19. Based on the foregoing investigation, the Subject Accounts were involved in structuring activity in the amount of approximately $1,255,048.00 during the period from on or about September 1, 2011 through on or about February 28, 2012, in violation of 31 U.S.C. § 5324.

20. As a result, there is probable cause to believe that (a) all funds on deposit in the Midland Account up to and including the sum of $655,500.00, and all proceeds traceable thereto, and (b) all funds on deposit in the DC Account up to and including the sum of $599,548.00, and all funds traceable thereto, are subject to forfeiture pursuant to 31 U.S.C. § 5317 and 18 U.S.C. § 984.

21. A restraining order, pursuant to 21 U.S.C. § 853(e), will not be sufficient to preserve the assets in question given the ease with which funds may move out of the Subject Accounts via wire transfer, electronic funds transfer, or otherwise.

22. Accordingly, I respectfully request that the Court issue seizure warrants for the Subject Accounts,

12

pursuant to 21 U.S.C. § 853(f) and 18 U.S.C. § 981.

_____
Gregory J. Lopez
Detective, Suffolk County Police Dep.
Internal Revenue Service (STEPP)

Sworn to before me this
____ day of May, 2012

_____
HONORABLE ARLENE R. LINDSAY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK